00Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 1283 | DATE | 3/24/11 |
| CASE TITLE | Earl Kelly (A-90881) v. Dr. Ghosh, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $12.15 from Plaintiff's account, and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The clerk is directed to issue summonses for Defendants Dr. Partha Ghosh, Dr. Liping Zhang, Marcus Hardy, Kenneth Osborne, and Latoya Willaims. The U.S. Marshals Service is appointed to serve the Defendants. The clerk shall send to Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

    Plaintiff Earl Kelly (A-90881), an inmate at the Stateville Correctional Center, has filed this 42 U.S.C. § 1983 against Stateville doctors, Stateville's warden, and several officials. Plaintiff alleges that he sustained a shoulder injury in 2010, but the doctors refused to treat him, and prison officials ignored his complaints about his need for treatment.

    The court finds that Plaintiff is unable to prepay the filing fee and grants his motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $12.15. The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee obligation, and the Stateville officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

    Pursuant to 28 U.S.C. § 1915A, the court has conducted a preliminary review of the complaint. As noted by the description of the facts stated above, Plaintiff has stated colorable claims of deliberate indifference to serious medical need against all of the Defendants.
**(CONTINUED)**

    isk

**STATEMENT (continued)**

The clerk shall issue summonses for service of the complaint on the Defendants. The United States Marshals Service is appointed to serve Dr. Partha Ghosh, Dr. Liping Zhang, Marcus Hardy, Kenneth Osborne, and Latoya Willaims. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, officials at Stateville shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service, or for proof of service if a dispute arise. Any documentation of the address shall be retained only by the Marshal, and shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If unable to obtain waivers, the Marshal shall attempt personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to the Defendants, or to their counsel, if an attorney has entered an appearance on their behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.