# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1283 | **DATE** | 9-8-11 |
| **CASE TITLE** | Earl Kelly (A-90881) v. Dr. Ghosh, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants Osborne and Hardy's motion to dismiss [15] is granted in part and denied in part. Plaintiff may proceed against these Defendants in their individual capacities; however, his claims against them in their official capacities are dismissed. These Defendants shall answer the complaint or otherwise plead within 30 days of the date of this order. Plaintiff's motion to strike Defendants' motion to dismiss [27] is denied; however, his pleading is construed as part of Plaintiff's response to the motion. Plaintiff's motion for the appointment of counsel [31] is denied without prejudice. A status hearing is set for 10/12/11 at 9:30 a.m. Counsel for Hardy and Osborne shall make arrangements for Plaintiff to participate by phone.

■ [For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff Earl Kelly (A-90881), an inmate at the Stateville Correctional Center, filed this 42 U.S.C. § 1983 action against Dr. Liping Zhang, Dr. Partha Ghosh, Dr. Williams, Stateville Warden Marcus Hardy, and Assistant Warden Kenneth Osborne. Plaintiff alleges that the Defendants acted with deliberate indifference to a shoulder injury. Drs. Zhang, Ghosh, and Williams have answered the complaint. Warden Hardy and Assistant Warden Osborne have filed a motion to dismiss. (R. 15, 16.) For following reasons, their motion is granted in part and denied in part.

Defendants Osborne and Hardy argue that, under the Eleventh Amendment, they are immune from suits against them in their official capacities. With respect to claims against them in their individual capacities, they contend that: (1) there are no allegations that they were personally involved and (2) if there are allegations that they had personal knowledge of his need for medical attention, their reliance upon Dr. Zhang and Dr. Ghosh's treatment of Plaintiff's condition defeats a claim of deliberate indifference. Osborne and Hardy are correct with respect to the official capacity claims, but the allegations in Plaintiff's complaint indicate that he may proceed against them in their individual capacities.

Plaintiff alleges that he had a shoulder injury and was seen by Dr. Zhang beginning in March 2010. According to Plaintiff, he saw Dr. Zhang on March 9, 22, 23, and 24, 2010. Dr. Zhang allegedly reported that she could do nothing for Plaintiff and submitted her findings to Dr. Ghosh (Stateville's medical director). Dr. Ghosh allegedly failed to treat Plaintiff in April and May 2010, ignoring Plaintiff's repeated requests for treatment and information about x-rays of his shoulder. (Compl. ¶¶ 3-9.)

Plaintiff states that he wrote to Warden Hardy on March 24 and 28, 2010. (Compl. ¶¶ 12-13.) Plaintiff states that his attorney also wrote to Hardy on April 2, and May 20, 2010, about Plaintiff's shoulder injury and inability to get medical care. (*Id.* at ¶ 14.) Plaintiff states that Hardy failed to take any action. (*Id.*) With respect to Assistant Warden Osborne, Plaintiff states he notified Osborne on March 28, 2010, of his shoulder injury and need for medical attention. (*Id.* at ¶¶ 15-16.)
(CONTINUED)

isk

## STATEMENT (continued)

When considering a motion to dismiss, this court assumes to be true all well-pleaded allegations and views the alleged facts, as well as any inferences reasonably drawn therefrom, in a light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of its claims, or determine a plaintiff's ability to ultimately succeed. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996). Under the notice pleading requirement, a complaint need only state a federal claim and provide the defendants with sufficient notice of the claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations of a complaint, however, must at least "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). A complaint must do more than recite the elements of a cause of action, and a court need not accept mere labels and legal conclusions as factual allegations. *Bell Atlantic*, 550 U.S. at 555. Nor must a court presume facts not alleged. *Id.* Additionally, if a plaintiff pleads facts demonstrating that he has no claim, a court may dismiss the complaint. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

To the extent Plaintiff seeks to proceed against Warden Hardy and Assistant Warden Osborne in their official capacities, he may not do so. Claims against the wardens of prisons in their official capacities are the same as a claims against the state. *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005) The Eleventh Amendment bars private suits for damages against states except for cases where Congress specifically abrogates the state's immunity or where the state consents to allow such suits. *Id.* Neither of the exceptions apply to this case, and Hardy and Osborne are immune from claims for damages against them in their official capacities.

With respect Plaintiff's claims against them in their individual capacities, a prison official can be liable under 42 U.S.C. § 1983 for failing to prevent or remedy a constitutional violation. A lack of response to a grievance may establish that the official was aware of a violation but failed to act. *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Although the Defendants are correct that officers who are not medical personnel are entitled to rely on the judgment of medical staff, *see Hayes v. Snyder*, 546 F.3d 516, 528 (7th Cir. 2008), Plaintiff alleges that he, as well as his attorney, informed both Hardy and Osborne that Plaintiff was receiving inadequate medical treatment from the prison doctors and that neither of the wardens did anything to ensure that Plaintiff receive adequate treatment. Defendants Hardy and Osborne must respond to such claims.

Accordingly, the Court grants in part and denies in part the motion to dismiss. Plaintiff's claims against Defendants Hardy and Osborne in their official capacities are dismissed. Plaintiff may proceed with his claims against them in their individual capacities. These Defendants shall answer the complaint or otherwise plead within 30 days of the date of this order.

Plaintiff's motion for the appointment of counsel is denied without prejudice. This case is in the early stages of discovery; neither the claims nor discovery issues of this case appear overly complex; and Plaintiff's pleadings demonstrate that he is competent to continue representing himself at this stage of the proceedings. *See Pruitt v. Mote*, 503 F.3d 647, 656-59 (7th Cir. 2007); *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); 28 U.S.C. §1915(e)(1).